IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| JEFFREY C. SWANK, ET AL. | * | CIVIL ACTION NO. 10-0061 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| SCOTTSDALE INSURANCE COMPANY | * | MAG. JUDGE KAREN L. HAYES |

## ORDER

Before the Court is a Motion to Compel Answers to Requests for Admissions, Interrogatories or Requests for Production of Documents filed by defendant Scottsdale Insurance Company ("Scottsdale"). Doc. # 36. The motion is unopposed by plaintiffs Jeffrey C. Swank ("Swank") and Rooster's Country Bar, Inc. ("Roosters").[1]

The underlying case arises out of a December 6, 2008 fire at Rooster's, located at 100 Dearman Road, Delhi, Louisiana. Plaintiffs filed suit to recover insurance proceeds for: (1) damage to a building located at the Dearman Road address; (2) inventory and contends; and (3) business income losses and lost profits. Pet. for Damages, Dec. 4, 2009 [Doc. # 1-2].

On July 20, 2010, Scottsdale served on plaintiffs Requests for Admission, Interrogatories, and Requests for Production. Doc. # 38-1. Plaintiffs provided responses to the Requests for Admission on August 13, 2010 [doc. # 38-4], and responses to the Interrogatories and Requests for Production on November 5, 2010 [doc. # 38-5]. Scottsdale claims that the responses are "woefully deficient" in that plaintiffs "have not identified **any** damaged contents or produced **any**

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

documents to support...the value of any contents (if there were any) or a business income loss." Doc. # 36, p. 3 (emphasis in original).

Federal Rule of Civil Procedure 37(a)(4) provides that "an evasive answer or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." In the case *sub judice*, plaintiffs have provided incomplete answers to the discovery sought by defendant as follows:

- Interrogatory No. 9 asks that plaintiffs "state all facts that support your contention that the contents of Rooster's were damaged or destroyed by the December 6, 2008 fire." Plaintiffs responded that "[e]verything in the bar was damaged. Most of the bar burned to the ground." Doc. # 38-5, Interrogatory No. 9.

- Interrogatory No. 11 requests that plaintiffs "identify the dollar amount and type of damage(s) you are seeking in this lawsuit arising out of...loss or damage to the contents at Rooster's," and to "identify all Documents supporting your contention(s), including, but not limited to, cancelled checks, or other records or writings." Plaintiffs responded that the information sought had previously been provided to Scottsdale, a claim that Scottsdale denies. Doc. # 38-5, Interrogatory No. 11.

Without a listing of the inventory that plaintiffs claim damages for, Scottsdale alleges, Scottsdale cannot formulate a defense to plaintiffs' claims. Simply claiming entitlement to the $100,000 policy limits without identifying the items that were damaged or destroyed is insufficient for Scottsdale to prepare an adequate defense.

- Request for Production No. 9 asks that plaintiffs "produce all documents to support your contention that contents of Rooster's were damaged or destroyed by the December 9, 2008 fire" and to "identify all persons with knowledge of those facts." Again, plaintiffs responded that the information requested had already been produced to Scottsdale. Doc. # 38-5.

- Request for Production No. 11 asks that plaintiffs produce all documents that support plaintiffs' contention that plaintiffs suffered "a loss of the building, inventory and other contents" as a result of the fire. Request for Production No. 12 asks for "all Documents regarding the dollar amount and type of damage(s) you are seeking in this lawsuit arising out of ... loss or damage to the contents in Rooster's." Finally, Request for Production No. 13 asks that plaintiffs "produce all Documents, including, but not limited to, statements, estimates, reports, diagrams, photographs and/or videos documenting your

2

claimed damages." Doc. # 38-5. For all of these requests, plaintiffs respond that Scottsdale has already been provided with the relevant documents. Doc. # 38-5.

The documents that have been produced to Scottsdale, defendant argues, are non-responsive to the information sought in the discovery requests; in fact, "most pertain to businesses or events pre-dating the existence of Rooster's." Doc. # 36, p. 6. Aside from plaintiffs' general allegations that the inventory and contents of Rooster's were damaged and/or destroyed by the fire, Scottsdale has no way of knowing the items of personal property for which plaintiffs seek coverage.

As plaintiffs also make claims regarding lost business income, Scottsdale seeks documents for the purposes of analyzing the alleged business income losses. Including Interrogatory No. 11, described *supra*, Scottsdale propounded the following discovery requests:

- Interrogatory No. 10 asks that plaintiffs "state all facts that support your contention that you suffered damages associated with business interruption as a result of the December 6, 2008 fire at Rooster's." Doc. # 38-1. Plaintiffs' response to this Interrogatory simply stated that "Mr. Swank suffered financial loss, property loss, business loss, loss of income, mental anguish and was ultimately forced into bankruptcy over the loss of Rooster's Bar and Scottsdale Insurance['s] refusal to pay the claim." Doc. # 38-5.

- Request for Production No. 10 ask that plaintiffs "produce all documents to support your contention that you suffered damages associated with business interruption as a result of the December 6, 2008 fire at Rooster's" and "identify all persons with knowledge of those facts." Doc. # 38-1.

- Request for Production No. 11 requests that plaintiffs produce all documents supporting their contention that plaintiffs suffered "lost rents, anticipated earnings and profits associated with the inability of the business to continue operation" as a result of the fire. Doc. # 38-1.

- Request for Production No. 12 asks that plaintiffs produce "all Documents regarding the dollar amount and type of damage(s) you are seeking in this lawsuit arising out of ... business interruption damages sustained as a result of the December 6, 2008 fire at Rooster's." Doc. # 38-1.

In response to all the Requests for Production, plaintiffs again answered that all the

necessary information had been previously provided to Scottsdale. As described *supra*, Scottsdale has no way of knowing the amount or type of damages plaintiffs seek in connection with the claim for business interruption damages, as the information provided thus far is insufficient to either adjust the claim or defend against plaintiff's suit for business income loss.

Finally, Federal Rule of Civil Procedure 33(b)(5) requires Mr. Swank to personally sign all discovery responses. The discovery responses produced thus far have been signed only by Mr. Swank's counsel. Although counsel is permitted to sign objections, there were no objections to Scottsdale's discovery requests.

Accordingly,

**IT IS ORDERED** that plaintiffs fully and properly respond to Scottsdale's Requests for Admission, Interrogatories, and Requests for Production of Documents, within fifteen (15) days of this Order. Fed.R.Civ.P. 37(a)(4).

**IT IS FURTHER ORDERED** that plaintiff, Jeffrey C. Swank, personally sign all responses served on his behalf attesting to their truth and accuracy. Fed.R.Civ.P. 33(b)(5).

THUS DONE AND SIGNED at Monroe, Louisiana, this 21st day of March, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE