IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| JEFFREY C. SWANK, ET AL. | * | CIVIL ACTION NO. 10-0061 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| SCOTTSDALE INSURANCE COMPANY | * | MAG. JUDGE KAREN L.  HAYES |

REPORT AND RECOMMENDATION

Before the Court are two motions filed by defendant, Scottsdale Insurance Company

("Scottsdale"): a Motion for Partial Summary Judgment [doc. # 42], and a Motion for Sanctions

and Dismissal with Prejudice [doc. # 47].  Both are unopposed by plaintiffs, Jeffrey C. Swank

and Rooster's Country Bar, Inc. ("Rooster's).  For the reasons stated below, it is recommended

that the Motion for Partial Summary Judgment be **GRANTED in part** and **DENIED in part**, and

that the Motion for Sanctions and Dismissal with Prejudice be **GRANTED**.

BACKGROUND

The instant case arises out of a December 6, 2008, fire at Rooster's, located at 100

Dearman Road, Delhi, Louisiana.  Scottsdale was sued because it issued commercial general

liability policy ("CGL policy") no. CPS0933537 to Mr. Swank, individually, for the Dearman

Road Property formerly owned by Mr. Swank.[1]  Commercial General Liability Policy, Ex. A1 to

Mem. in Supp. of Defs.' Mot. for Summ. J. [Doc. # 42-3].  The CGL policy affords commercial

property insurance for the period July 21, 2008 to July 21, 2009 subject to certain terms,

conditions, limitations and exclusions.  *Id.*

---

[1] Based upon Scottsdale's "information and belief, the [Dearman Road Property] was sold at auction in connection with Plaintiff's filing for bankruptcy protection."  Doc. # 42-1.

Scottsdale investigated the fire, which was ultimately determined to be incendiary in origin. Doc. # 15-1, p. 6 n6. Notwithstanding the ongoing arson investigation, Scottsdale paid the $200,000.00 Limit of Liability for the building to the mortgagee listed on the policy, Ouachita Independent Bank ("OIB"), on April 29, 2009. *See* Aff. of David Gee, Ex. A to Mem. in Supp. of Scottsdale's Mot. for Summ. J. [Doc. # 42-1, ¶ 9].

On December 4, 2009, plaintiffs filed suit to recover insurance proceeds for: (1) damage to a building located at the Dearman Road address; (2) inventory and contents; and (3) business income losses and lost profits. Pet. for Damages, Dec. 4, 2009 [Doc. # 1-2, ¶ 8]. After filing responsive pleadings, Scottsdale filed a Motion for Summary Judgment to dismiss plaintiffs' claims based on their failure to cooperate with Scottsdale in its investigation [doc. # 15], later denied by District Judge Robert G. James. Doc. Nos. 22 and 23. Scottsdale then resumed its efforts to investigate this claim in the context of the litigation. However, plaintiffs have repeatedly failed to: (1) cooperate with Scottsdale in its investigation; (2) comply with the Federal Rules of Civil Procedure; and (3) comply with several Orders issued by this Court. Plaintiffs' failure to participate in the litigation led to the withdrawal of plaintiffs' lawyer on March 31, 2011. Doc. # 45. Further, Scottsdale's counsel states that Mr. Swank's trustee in bankruptcy has advised that "he does not plan to hire new counsel for Mr. Swank or oppose [the motion to dismiss]." Doc. # 47-1.

On April 5, 2011, the undersigned reminded Mr. Swank that he had until April 30, 2011, to enroll new counsel, or alternatively, to inform the Court in writing that he intended to proceed *pro se*. Order, Doc. # 46. The undersigned also noted that plaintiff Rooster's was not permitted to proceed *pro se*, as it is a corporation; therefore, Rooster's also had until April 30, 2011, to retain new counsel. The undersigned warned that "[p]laintiffs' un-excused failure to so comply

may result in dismissal of their claims." *Id.*; *see* Fed.R.Civ.P. 41(b).

On March 24, 2011, Scottsdale filed its second Motion for Partial Summary Judgment on the grounds that: (1) Rooster's is not an insured under the CGL policy; and, (2) Scottsdale paid the policy's $200,000 limit for the building to the named mortgagee on the policy, OIB.  Doc. # 42-1, p. 2.  On May 3, 2011, Scottsdale filed its Motion for Sanctions and Dismissal with Prejudice on the grounds that: (1) Rooster's failed to comply with Orders of this Court, as it did not enroll new counsel of record on or before April 30, 2011 [*see* Doc. # 46]; (2) plaintiffs failed to file an Opposition to the Motion for Partial Summary Judgment [*see* Doc. # 43]; and (3) plaintiffs failed to comply with the Order dated March 21, 2011 [Doc. # 41], wherein the undersigned ordered plaintiffs to respond to Scottsdale's Requests for Admission, Interrogatories and Requests for Production of Documents.  Doc. # 47.

## LAW AND ANALYSIS

### I.      Motion for Summary Judgment Standard

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(b).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

 "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In the case *sub judice*, because they neglected to file a response to defendant's motion, plaintiffs have failed to submit evidence of any facts contradictory to those submitted by the moving party. In the absence of an opposition to the motion, this Court must accept the evidence presented by Scottsdale and its statement of undisputed facts as true. *Celotex*, 477 U.S. 317. Thus, for purposes of this motion, those facts are deemed admitted.

### A.      Applicability of the CGL Policy to Rooster's Country Bar, Inc.

Scottsdale first argues that Rooster's is "not an insured, additional insured or loss payee entitled to proceeds under" the CGL policy it issued to plaintiff Jeffrey Swank. Doc. # 42-1, p. 3. Scottsdale notes that the CGL policy covers the "Dearman Road Property," whereas Rooster's "is a corporation formed under the laws of Louisiana and has its principal place of business at 362 Pickett Lane, Delhi Louisiana 71232." *Id.*; Doc. # 42-5. Although Rooster's bar was, in fact, located on the Dearman Road Property, Rooster's is not a named insured under the CGL policy issued by Scottsdale.

Based on the language of the policy, then, it is clear that the parties to the policy did not intend to extend benefits to Rooster's Country Bar, Inc. The proper way to manifest one's intent

4

to provide benefits under an insurance contract to a third party is to name the third party as an additional insured. *3218 Magazine, LLC v. Lloyds of London*, 10 So.3d 242 (5th Cir. 2009). In *3218 Magazine*, the Fifth Circuit held that a restaurant operating on the insured property was not the property party to pursue a claim for hurricane damage to the property, because the restaurant was not a named insured on the policy. *Id.* at 244. The case *sub judice* warrants the same result; while the fire occurred on the Dearman Road Property, where Rooster's was located, Rooster's is not a named insured or listed as an additional insured to the CGL policy. Thus, Rooster's is not a proper party to pursue claims against Scottsdale.

Therefore, it is recommended that Scottsdale's Motion for Summary Judgment on the basis that Rooster's is not an insured under the CGL policy be **GRANTED**.

B.      **Exhaustion of the Policy Limits for Damage to the Building**

Scottsdale next argues that the claims against it for fire damage to Rooster's building must be dismissed "because there is no longer a controversy in this regard." Doc. # 42-1, p. 6. Specifically, Scottsdale argues that plaintiffs cannot recover monetary sums for the damaged structure, as the policy limit has been exhausted.

The CGL policy's mortgagee provision states that Scottsdale "will pay for covered loss of or damage to buildings or structures to each mortgageholder shown in the Declarations..." Building and Personal Property Coverage Form (form CP 00 10 04 02), Ex. A1 to Mot. for Summ. J. [Doc. # 42-3, p. 12 of 14]. The Schedule of Mortgage Holders endorsement lists OIB as mortgagee. *Id.* at form CPS-SP-5L (6-92). Accordingly, on or about April 29, 2009, Scottsdale paid the $200,000.00 Limit of Liability for the building to the mortgagee listed on the policy, OIB. Doc. # 42-2, ¶ 9.

The CGL policy's "Limits of Insurance" provision states that "[t]he most [Scottsdale] will pay for loss or damage in any one occurrence is the applicable Limit of Insurance shown in the Declarations."  Doc. # 42-3, Building and Personal Property Coverage Form (form CP 00 10 04 02), p. 8 of 14.  As Scottsdale has paid the policy limit for damage to the building to OIB, it has satisfied its obligations under the policy for the building loss.  *Id.* at pp. 12-13.  It is therefore recommended that Scottsdale's Motion for Partial Summary Judgment on this basis be **GRANTED**, and plaintiffs' claims for insurance proceeds for damage to the Dearman Road Property be dismissed with prejudice.

### C.    Scottsdale's Right to Recover its Payment to Mortgagee

With the final argument of its Motion for Summary Judgment, Scottsdale seeks a declaration as a matter of law regarding its right to recover from Mr. Swank the $200,000.00 paid to OIB pursuant to the CGL policy's mortgagee provisions.  Doc. # 42-1, p. 8.  Scottsdale argues that, by paying OIB for its interest in the Dearman Road Property, Scottsdale has been subrogated pursuant to the mortgagee provision to OIB's rights against Mr. Swank under the mortgage to the extent of Scottsdale's payment in the event that coverage is either not afforded to or forfeited by Mr. Swank.[2]

---

[2] The CGL policy's mortgagee provision provides as follows:

**2. Mortgageholders**

        \* \* \* \*

   e.     If we pay the mortgageholder for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this Coverage Part:

        (1)     The mortgageholder's rights under the mortgage will be transferred to us to the extent of the amount we pay; and

Scottsdale notes that coverage has not been denied or accepted for Mr. Swank's claim,

because, "to date, Scottsdale has not received information sufficient to reach a determination as

to whether coverage is available for this loss." Doc. # 42-1, p. 9.  Scottsdale asserts that, to the

extent that coverage is unavailable to Mr. Swank under the CGL policy due to a coverage

limitation, exclusion, or "due to Mr. Swank's failure to comply with the Policy's cooperation

provisions, Scottsdale is entitled to recover" the $200,000.00 paid to OIB.  *Id.*

The undersigned first notes that, to this date, Scottsdale has not filed a counter-claim

against Mr. Swank in order to recover the $200,000.00 paid to OIB.  *See* Doc. # 9, Scottsdale's

Answer to Complaint.  Scottsdale's failure to file a counter-claim is presumably related to Mr.

Swank's ongoing bankruptcy proceedings, noted *supra*, and so far as this court is aware,

Scottsdale's pursuit of claims against Mr. Swank is not encompassed in the lifting of the

bankruptcy stay.  Accordingly, should Scottsdale seek to pursue claims against Mr. Swank

personally, this is not the proper court to do so.  Rather, Scottsdale must take up its claims against

Mr. Swank in bankruptcy court.  It is therefore recommended that Scottsdale's request for a

declaration as a matter of law that it is entitled to recover the $200,000.00 paid to OIB be

**DENIED**.

The failure of a party to oppose a motion for summary judgment alone does not justify the

granting of summary judgment; instead, the court must assess whether the moving party has

fulfilled its burden of demonstrating that there is no genuine issue of material fact and its

---

(2)      The mortgageholder's rights to recover the full amount of the
         mortgageholder's claim will not be impaired.

entitlement to judgment as a matter of law. *Vermont Teddy Bear Company, Inc. v. 1-800 Beargram Company*, 373 F.3d 241 (2nd Cir. 2004). Here, Scottsdale has met its burden of demonstrating that there are no genuine issues of material fact concerning the exhaustion of the policy limits as to the structural damage claim. Additionally, it is undisputed that Rooster's is not a named insured or additional insured under the CGL policy. Accordingly, the undersigned recommends that Scottsdale's Motion for Partial Summary Judgment should be **GRANTED** on these two bases.

## II.    Motion to Dismiss Under Rules 37 and 41 of the Federal Rules of Civil Procedure

### A.    The Court's March 31 and April 6, 2011 Orders

In this case, plaintiffs were initially represented by Attorney Chris Villemarette. *See* Pet. for Dam., Doc. # 1-2. On March 31, 2011, Mr. Villemarette filed a Motion to Withdrawal from representation, due to Mr. Swank's "refus[al] to cooperate with counsel to gather information and evidence necessary to prosecute this claim." Doc. # 44, ¶ 4. Mr. Villemarette also noted that he was unable to communicate through his client other than via his attorney in bankruptcy. *Id.* at ¶ 4. The undersigned granted Mr. Villemarette's motion on March 31, 2011. Doc. # 45. On April 6, 2011, as described *supra*, the undersigned afforded plaintiffs until April 30, 2011, to retain new counsel, or, in the case of Mr. Swank, notify the court in writing of his intent to proceed *pro se*. Doc. # 46. Plaintiffs have failed to comply with this Order.

### B.    Federal Rules of Civil Procedure 37 and 41

Under Federal Rule of Civil Procedure 37, a party may move the court for an order compelling discovery. When a party fails to comply with a court order compelling discovery, the court may take appropriate action, including "dismissing the action in whole or in part" by order.

Fed.R.Civ.P. 37(b)(2)(v).  Additionally, under Fed.R. Civ.P. 41(b), the court may order the involuntary dismissal of an action or claim at a defendant's request if the plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order.  The Fifth Circuit has "consistently recognized...that dismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'" *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513 (5th Cir. 1985) (quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981)).

The Fifth Circuit has further held that dismissal for violation of a discovery order is warranted where: (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order is attributable to the party instead of the attorney; (3) the violation substantially prejudices the opposing party; and (4) no lesser sanction would substantially achieve the desired deterrent effect.  *F.D.I.C. v. Conner*, 20 F.3d 1367, 1384 (5th Cir. 1994).  *See also*, *Chisesi v. Auto Club Family Insurance Company*, No. 09-30826 (5th Cir. 3/9/2010), 2010 WL 785173 (dismissal not an abuse of discretion where plaintiff failed to comply with the court's discovery order twice previously); *In re Liquid Carbonic Truck Drivers Chemical Poisoning Litigation MDL*, 50 F.2d 819 (5th Cir. 1978) (dismissal warranted where the defendant was prejudiced in its ability to prepare for trial by the plaintiff's failure to submit to court-ordered examinations and repeated failure to serve answers to discovery); *Becker v. Toca*, No. 07-7202, 2009 WL 1706628 (E.D. La. 6/16/2009) (dismissal of claims appropriate under Fed.R.Civ.P. 37 where trial was only two months away, and plaintiff failed to respond to any discovery or provide any support for or information regarding its claims for tax penalties and loss of wages).

9

Here, plaintiffs have failed to comply with both the undersigned's Order concerning

Scottsdale's Motion to Compel [doc. # 41], and Orders concerning retention of counsel [doc. nos.

45 and 46]. As indicated by plaintiffs' former counsel, the failure to comply with the Court's

orders has been solely based on plaintiffs' own disinterest in the suit, rather than the inadequacy

of plaintiffs' former counsel. Doc. # 44. Simply put, plaintiffs have failed to prosecute the

litigation in all aspects by failing to respond to defendant's discovery requests, despite being

ordered to do so by the undersigned [doc. # 41]; neglecting to provide an opposition to

defendant's Motion for Partial Summary Judgment [doc. # 42]; neglecting to obtain new counsel

or, with respect to Mr. Swank, advise the Court that he intends to proceed *pro se* [doc. # 46]; and

by failing to respond to defendant's Motion for Sanctions and Dismissal [doc. # 47]. It is

abundantly clear that plaintiffs have no interest in proceeding with the lawsuit against Scottsdale,

despite the fact that trial is currently scheduled for August of this year.

Additionally, as noted by Judge James in the previous ruling on Scottsdale's first Motion

for Summary Judgment [doc. # 22], Mr. Swank has a duty to cooperate with the investigation

under the CGL policy as follows:

**3.      Duties In The Event Of Loss Or Damage**

> **a.**      You must see that the following are done in the event of loss or damage
> to Covered Property: . . .
>
> **(8)** Cooperate with us in the investigation or settlement of the claim.
>
> **b.**      We may examine any insured under oath...at such times as may be
> reasonably required, about any matter to this insurance or the claim,
> including an insured's books and records.

Doc. # 15, Ex. A.

At this juncture in the lawsuit, with trial set to commence on August 16, 2011, plaintiffs'

failure to comply with the duties set forth in the insurance contract, respond to the discovery as ordered by the court, and prosecute the lawsuit have resulted in "irrefutable harm" to Scottsdale, as Scottsdale has received minimal discovery from plaintiffs despite the impending trial date. *Wright v. Robinson*, 113 Fed.Appx. 12 (5th Cir. 2004) (unpublished).  Plaintiffs' complete failure both to prosecute the current suit and to respond to the previous orders of the Court warrant dismissal of all claims, with prejudice, pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure.

C.      **Scottsdale's Request for Sanctions**

Finally, Scottsdale requests that the undersigned order plaintiffs to pay Scottsdale's reasonable expenses incurred in making its Motion to Compel [doc. # 39], as well as its Motion for Sanctions and Dismissal [doc. # 47].

Federal Rule of Civil Procedure 37(a)(5)(A) provides as follows:

> If the motion [to compel disclosure or discovery] is granted...the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Additionally, Rule 37(b)(2)(C) provides that, where a party has failed to obey an order to provide or permit discovery

> [t]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

The undersigned agrees with Scottsdale that sanctions are necessary and proper.  Plaintiffs failed to cooperate with the discovery process, necessitating in defendant's earlier Motion to

Compel.  Thereafter, plaintiffs failed to comply with the Court's Order concerning responses to defendant's discovery requests, necessitating in the Motion for Sanctions and Dismissal.

However, defendant Scottsdale does not indicate how many hours were expended in preparing either the Motion to Compel [doc. # 36], or the Motion for Sanctions and Dismissal [doc. # 47].  Likewise, Scottsdale does not indicate the names of the attorneys who worked on either motion, or what billing rate was charged.  *See id.*  As such, the undersigned is unable to determine a reasonable amount of any award of fees or expenses.  It is therefore ORDERED that Scottsdale file a memorandum with the court, prior to the District Judge's ruling on the instant Report and Recommendation, detailing the expenses incurred in making the motions described *supra*.

## CONCLUSION

**IT IS RECOMMENDED** that defendant, Scottsdale Insurance Company's Motion for Partial Summary Judgment [Doc. # 42] be **GRANTED** to the extent **that ALL claims by Rooster's Country Bar, Inc.,** and the **building damage and loss claims brought by Jeffrey C. Swank be Dismissed with Prejudice**, and that the Motion be otherwise **DENIED.** Fed.R.Civ.P. 56.

**IT IS FURTHER RECOMMENDED** that defendant's Motion to Dismiss [Doc. # 47] be **GRANTED**, and that plaintiffs' remaining claims against Scottsdale Insurance Company be **DISMISSED WITH PREJUDICE** for failure to prosecute and for violation of the orders of this court.  Fed.R.Civ.P. Rules 41 and 37.

**IT IS FURTHER RECOMMENDED** that plaintiffs, Jeffrey C. Swank and Rooster's

Country Bar, Inc., be ordered to pay sanctions to defendant Scottsdale in an appropriate amount to be determined upon Scottsdale's filing of a statement of its fees and costs.  Fed.R.Civ.P. 37(b)(2)(C).   Scottsdale Insurance Company is **ORDERED** to file with the Court a **Memorandum of Fees and Costs** incurred in connection with the Motion to Compel [doc. # 36] and Motion for Sanctions and Dismissal [doc. # 47], within **ten (10) days** from the date of this Report and Recommendation.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 7th day of June, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE